DANIEL W. ISAACS, ESQ. (DI-5179)
**LAW OFFICES OF DANIEL W. ISAACS, PLLC**
122 Cross River Road
Mount Kisco, New York 10549
Tel:(646) 438-2100
E-mail: daniel.isaacs@danwisaacsesq.com

PETER J. GLEASON, ESQ. (PJ-7106)
**PETER J. GLEASON, P.C.**
935 South Lake Boulevard
Suite 17
Mahopac, New York 10541
Tel: (646) 872-3546
E-mail: pjgleason@aol.com

Attorneys for Plaintiffs, AEVA MANARA, An Infant by Her Parent
and Natural Guardian, MARC MANARA, and MARC MANARA, Individually

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
AEVA MANARA, an infant by her Parent      Case No.
and Natural Guardian, MARC MANARA, and
MARC MANARA, Individually,

                Plaintiffs,        <u>**COMPLAINT**</u>

      - against -

JACK SERGEANT, an infant by his Parent
and Natural Guardian, CAROLYN SERGEANT,
CLARKSTOWN CENTRAL SCHOOL DISTRICT,
JEFFREY SOBEL, HARRY LEONARDATOS, ANGIE
WATT and JOSEPH L. TRONGONE,

               Defendants.
- - - - - - - - - - - - - - - - - - x

     Plaintiffs, Aeva Manara, an infant by her Parent and Natural

Guardian, Marc Manara, and Marc Manara, Individually, by their

attorneys, The Law Offices of Daniel W. Isaacs, PLLC, and Peter J.

Gleason, P.C., complaining of the Defendants, Jack Sergeant, an

infant by his Parent and Natural Guardian, Carolyn Sergeant, the

Clarkstown Central School District, Jeffrey Sobel, Harry
Leonardatos, Angie Watt and Joseph L. Trongone, allege as follows:

## <u>NATURE OF THE ACTION</u>

1.   Plaintiff Aeva Manara ("Aeva") is a junior at Clarkstown
High School North ("CHSN"), a school in the Clarkstown Central
School District (the "CCSD").  Plaintiff Marc Manara ("Mr. Manara")
is Aeva's Father and Natural Guardian. The CCSD's stated Mission
is to "meet the individual academic and social-emotional needs of
all students within a safe environment while empowering them to
reach their full potential in a complex society."  Yet, as set
forth below, CCSD failed to honor those principles.

2.   In June of 2021 Aeva was subjected to multiple sexual
assaults committed off school grounds by a fellow classmate, the
Defendant, Jack Sergeant ("Sergeant"), who targeted Aeva because
she publicly identified as a lesbian and he wanted to "turn" her.

3.   Despite Mr. Manara notifying Defendants Jeffrey Sobel
("Sobel"), Harry Leonardatos ("Leonardatos"), Angie Watt ("Watt")
and Joseph L. Trongone ("Trongone")(collectively the "Clarkstown
Defendants") of these assaults, as well as Defendant Sergeant's
subsequent arrest, they failed to take reasonable steps to address
or prevent his continued harassment and intimidation of Aeva,
failing to even enforce CCSD's Code of Conduct for its students
and athletes.

4.   The Clarkstown Defendants' failure to adequately respond despite their actual notice of the significant danger to the Plaintiff, Aeva Manara, impaired her ability to move around campus as a student would, thereby depriving her of equal access to school, and subjected her to further torment by the Defendant Sergeant.

5.   Instead, Defendants Sobel and Leonardatos barred Mr. Manara from entering school grounds for any reason and attending CHSN's football games despite the absence of a clear and present danger of any disruption or immediate threat to public safety, a *prima facie* violation of his First Amendment rights to free speech and to peaceably assemble.

6.   As set forth below, Defendants' conduct violated Plaintiff Aeva Manara's rights guaranteed under Title IX and the Fourteenth Amendment to the United States Constitution and, Mr. Manara's First Amendment rights.   Defendants' conduct further violated the requirements of the New York State anti-bullying laws, as codified in the New York Education Law and, constituted, *inter alia*, assault, battery, false imprisonment and intentional infliction of emotional distress in further violation of New York State Law.

7.   That Defendants' violation of Plaintiffs' constitutional rights and their unlawful conduct caused Plaintiffs to suffer serious damage and injury including, *inter alia*, monetary damages,

physical and psychological injury and trauma, extreme emotional distress and, post-traumatic stress disorder.

8. This action is therefore brought seeking damages pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. §§1681 *et seq.* and 42 U.S.C. § 1983 to redress the violation of Plaintiffs' constitutional rights to equal protection and freedom of speech under the Fourteenth and First Amendments to the United States Constitution.  Plaintiffs also assert derivative causes of action for violations of the New York anti-bullying laws, assault, battery, false imprisonment and intentional infliction of emotional distress pursuant to New York State Law.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1343(a) (civil rights jurisdiction) because this action is filed to obtain relief for the deprivation of the rights of citizens of the United States secured by the United States Constitution and federal law pursuant to 42 U.S.C. § 1983.  Plaintiffs also assert state-law claims over which Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

10. As Plaintiffs are residents of the County of Rockland, State of New York, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

11.  This Court has personal jurisdiction over the Defendants, because they were domiciled, conducted business and/or otherwise engaged in the acts complained of within the State of New York.

**PARTIES**

12.  That at all times hereinafter mentioned the Plaintiff, Aeva, is a resident of the County of Rockland, State of New York and was so at the time of the sexual and other abuse alleged herein.  Aeva is a female, born on January 22, 2005, and was a minor during the entire time of the sexual misconduct alleged herein.  She is currently a Junior at CHSN and publicly identifies as a lesbian.

13.  The Plaintiff, Mr. Manara, is Aeva's father.

14.  The Defendant, Carolyn Sergeant, is the Parent and Natural Guardian of the Defendant, Jack Sergeant ("Sergeant"), a male, born on January 26, 2005.  Sergeant is currently a Junior at Clarkstown High School South ("CHSS").  At set forth below, he sexually assaulted Aeva due, in part, to her sexual orientation on June 19, 2021, and again on June 23, 2021, subsequently pleading guilty to an unknown offense(s) on January 13, 2022, in Rockland Family Court.

15.  The Defendant, CCSD, educates nearly 8,000 students in nine elementary schools, three middle schools, two high schools and a K-12 alternative education center. CHSN is one of two high

schools operated by CCSD and was attended by both Aeva and the Defendant, Sergeant, at the time alleged herein.

16.  That at all times hereinafter mentioned the Defendant, Sobel, was CCSD's Interim Superintendent of Schools and as such served as its chief administrative officer, required to perform all the duties and accept all of the responsibilities as prescribed by the Education Laws of New York State, the rules and regulations of the Board of Regents and Commissioner of Education, laws and regulations of the United States, statutes of New York State, and the policies, rules and regulations established by the Board of Education.

17.  That at all times hereinafter mentioned the Defendant, Leonardatos, was the Principal of CHSN. In this capacity, said Defendant served as CHSN's educational leader, responsible for managing the policies, regulations, and procedures to ensure that all students are supervised in a safe learning environment that meets the approved curricular and mission of CHSN.

18.  That at all times hereinafter mentioned the Defendant, Watt, was CHSN's Assistant Principal.  In this capacity, said Defendant was also responsible for managing the policies, regulations, and procedures to ensure that all students are supervised in a safe learning environment that meets the approved curricular and mission of CHSN.

19.   That at all times hereinafter mentioned the Defendant, Trongone, was CHSN's Head Football Coach and a Mathematics Teacher.

## FACTUAL ALLEGATIONS

20.   Aeva first met the Defendant, Sergeant, during their freshman year at CHSN but did not socialize with him.   The following year, in late April of 2021, he asked Aeva's twin sister, Elle, out on a date.   Elle did not want to "date" the Defendant, Sergeant, but instead invited a group of friends for ice cream at *Twist & Shake* in New City.   Amongst those who Elle invited were Aeva and their brother Reece.

21.   Following this event, which took place on or about April 28, 2021, Aeva began to socialize with the Defendant, Sergeant, both individually and with others.   On the occasions when they were alone, whether in their homes or in public the Defendant, Sergeant, would often grope Aeva and grab her breasts, buttocks, and genital area despite her voicing that she did not like nor consent to this behavior. Sergeant would also often grab her face and physically force her to kiss him.   He did so despite knowing that Aeva identified as a lesbian.

22.   On June 19, 2021, while together in his bedroom "hanging out", Sergeant without warning proceeded to lock the door and push Aeva down on his bed whilst simultaneously placing her in a chokehold while wrapping his legs around her.   He began groping her body as she struggled for breath while pleading for him to

stop.  Defendant Sergeant told Aeva to be quiet and stop moving and that she was making it harder on herself.  As he started placing his hand inside Aeva's pants the Defendant, Carolyn Sergeant, knocked on Sergeant's door prompting him to stop to see what she wanted. Sergeant left the room for about five minutes while Aeva stayed in the room. When Sergeant returned, they continued "hanging out" as if nothing happened.

23.  On June 23, 2021, Defendant Sergeant sexually assaulted Aeva a second time at the home of a friend, Alex Voellinger, while together with a group of friends.  Aeva found herself alone with the Defendant, Sergeant, in Alex's room when without warning he shut and then locked the door. He shoved Aeva to the floor, got down on the floor with her and dragged her on top of him, holding her down with his arm around her neck.  Aeva pleaded with Sergeant to stop, who only tightened his grip in response.  He told Aeva he would let her breathe if she stopped struggling.  Aeva stopped moving and Sergeant shoved her off of him.  They both got up and Aeva asked Sergeant why he did that.  He failed to respond.

24.  She attempted to move past him toward the door, but Sergeant grabbed Aeva and pulled her away from it.  He proceeded to pick her up and throw Aeva on the bed.  Sergeant then got on top of her and held her down while she struggled to push him off of her while begging him to stop and get off.  Sergeant, who is approximately 6'2" tall and 170 pounds asked if she was scared.

Thinking that he'd get off of her Aeva, who is 5'2" tall and weighs approximately 100 pounds said "No."   The Defendant, Sergeant, replied that she "should be" and slid his hand up her leg until he reached her buttock, grabbing it for his own sexual gratification.

25.   Aeva tried to move away but the Defendant held her down harder, telling her to "shut up" and "stop struggling" while fondling her breasts. She said "stop" repeatedly to no avail as Sergeant began to remove her jeans. As he started to place his hand in her pants their friend, Jake Voellinger ("Jake") knocked on the door, stating that he was "coming in" while pushing the door open.

26.   Sergeant jumped off of Aeva in response and Jake informed them that he and the rest of their friends were going to go outside and that they should join them. After Jake left the room he grabbed Aeva as she was walking out and pulled her back in the room, placed her in a chokehold yet again but this time while they were standing.   The Defendant then leaned in as close as he could, stating that "it wasn't over" and that Aeva should be "scared" because he was going to "do it again."   He then stated that she was "lucky" that Jake had opened the door as he pushed her aside while walking out the door.

27.   On July 15, 2021, Mr. Manara emailed CHSN's School Counselor, Keri J. Nitto ("Nitto"), to advise that there was a "serious incident" recently between Aeva and the Defendant,

Sergeant, and requested that they not be placed in any classes together.

28. On August 9, 2021, Mr. Manara spoke with the Defendant, Trongone, over the phone, recounting what had occurred. Trongone responded that there was "nothing he could do about it" and "to notify the school."

29. On August 16, 2021, Nitto responded by email, offering to inform the administration of what had occurred if Mr. Manara thought it necessary and, confirmed that Aeva and Sergeant were not in any classes together. Mr. Manara replied by advising, *inter alia*, that he had spoken with the Defendants, Leonardatos and Trongone and, informed Nitto of Aeva's severe anxiety and fear that the Defendant, Sergeant, would make a scene in the hallway or start some type of gossip/smear campaign against her. He also expressed his frustration with the lack of action taken against the Defendant, whose participation as a member of CHSN's varsity football team continued unabated, supposedly because the incident didn't happen during school or on school grounds.

30. Later that day the Defendant, Leonardatos, advised that in response to Mr. Manara's concerns about common spaces (hallways, cafeterias) discussed the prior week, it was his recommendation to file a police report, which would allow for an order of protection petition that if issued would require the Defendant, Sergeant, "to

stay a few feet or yards away from Aeva while she is on school grounds."

31.  On August 24, 2021, Mr. Manara advised the Defendant, Leonardatos, and Nitto, that a report was filed with the Clarkstown Police Department ("Clarkstown PD"), that a detective from the Juvenile Aid Bureau would contact the school and, that the correct procedure for an order of protection petition was being investigated due to Sergeant's age, who was Sixteen (16) at the time of his unlawful acts.

32.  On August 27, 2021, Mr. Manara emailed the Defendant, Leonardatos, and Nitto, to advise that Aeva had signed depositions at the Clarkstown PD's request for Defendant Sergeant's criminal prosecution and the issuance of an order of protection petition, that Sergeant had been brought in by the Clarkstown PD and given a Family Court date of September 8, 2021, and, that the assigned Detective had contacted the two School Resource Officers assigned to CHSN, who were aware of the situation.

33.  On September 20, 2021, Defendant Sergeant confronted Aeva in the school annex's main entrance hallway before sixth period by walking directly at her and staring her down, causing her to have an anxiety attack.

34.  On September 21, 2021, Aeva filed a petition pursuant to Article 3 of the Family Court Act (the "September 21 Petition").

35.     Mr. Manara immediately emailed the Defendant, Leonardatos, and Nitto to advise that Aeva had filed a petition against the Defendant, Sergeant.

36.    Later that morning Aeva reported to Mr. Manara that the Defendant, Sergeant, was telling another student, Alex, to "finish the job."  Upon hearing this Mr. Manara emailed the Defendant, Leonardatos, and Nitto, to report Defendant Sergeant's intimidation and harassment of Aeva as well as the fact that Sergeant had told another student "to finish the job [rape]" with Aeva.  Mr. Manara also expressed his extreme disappointment that Sergeant continued to play for the varsity football team given that there was a code of conduct that student athletes were required to follow.

37.    Mr. Manara then went to CHSN's varsity football practice at CHSN and spoke calmly with an assistant coach, Thomas Lynch ("Lynch") stating that a player was encouraging other individuals to rape Aeva.  After identifying who he was and the Defendant, Sergeant, as the player at issue, Lynch, a special education teacher at CHSN instructed Mr. Manara to leave, which he did without incident.  Shortly thereafter two Clarkstown PD patrol cars arrived at Plaintiffs' home to warn Mr. Manara in a friendly manner that the school had reported an "incident" and suggested that he not return to the campus.

38.   On September 22, 2021, Aeva was pulled out of her first period class by the Defendant, Watt, who proceed to question her about the details of the sexual assaults she endured before summarily sending her back to class despite the fact that she was noticeably upset and anxious.   Later that day a telephone conversation was held between Mr. Manara and Defendants Leonardatos and Watt wherein he was told that Coach Lynch had alleged – falsely – that he had threatened the Defendant, Jack Sergeant.   They repeatedly questioned his intentions, and despite the fact that he denied threatening Sergeant Mr. Manara was told that he was restricted from school property or attending any school sponsored event without prior consent.

39.   Defendants Leonardatos and Sobel sent a letter to Mr. Manara that same day reiterating his restriction from school property or school-sponsored events, who contemporaneously sent his own, in which he expressed his concern regarding "the lack of attention from the school in addressing Jack Sergeant [sic].  Let me be clear: this is not just a **SEXUAL ASSAULT** and **STRANGULATION**, this is also a **HATE CRIME**. . . ."  Mr. Manara further noted that although the school had ensured that Aeva had a safe place to discuss the matter and did not share classes with the Defendant, Sergeant, he would find her in the hallway and "further **INTIMIDATE** her. [Aeva] suffers from severe social anxiety . . . and his actions are causing her great harm resulting in anxiety attacks

during the school day.  [She] does not need more people to discuss her safety.  SHE NEEDS TO BE SAFE."

40.  Mr. Manara went on to note that the Defendant, Sergeant, was permitted to attend the same school and participate in the football program with Aeva's brother Reece in violation of "a multitude of policies, procedures, protocols, and codes of conduct."  He then cited to that portion of Defendant CCSD's Code of Conduct violated by Sergeant, which prohibited "misconduct that endangers the health and safety of students or staff within the school or substantially disrupts the educational process."

41.  The Plaintiff, Mr. Manara, then referred to CHSN's Disciplinary Guidelines, listing out-of-school suspension, in-school suspension and loss of privileges as potential punishment for the acts committed by Sergeant as well as the school's Athletic Code of Conduct, which required a commitment to integrity on and off the campus and threatening removal from athletic teams for the violation of same.  He questioned whether CCSD's failure to enforce these policies was due to a discriminatory policy against issues of sexuality and gender, referencing an incident the prior year where a physical education and health teacher would not include gender issues in his health class curriculum because he would not waste time on gender because he thought it was ridiculous, given that people could decide to identify as an inanimate objects, such as a potted plant.

42. Mr. Manara concluded by stating that there was a police report and victim impact statement that documented the severity of the crimes committed by Sergeant against Aeva and demanded that action be taken, including his transfer to Clarkstown High School South ("CHSS") or alternatively, that he be expelled from the football program and placed on in-school suspension for Aeva's safety and protection.

43. The following day, September 23, 2021, Aeva was pulled out of her first period class yet again, this time by the school social worker, who forced Aeva to answer questions yet again regarding the details of the sexual assaults without benefit of a parent being present despite the fact that she was clinically anxious, going so far as to asking Aeva who the perpetrator was so she could speak to him about the "events".

44. That same morning the Defendant, Sobel, responded to Mr. Manara's letter from the previous day, stating, *inter alia*, that their legal counsel "indicated" that they could not "grant" his request that Sergeant be removed from CHSN or, suspended from participating in extracurricular activities. Mr. Manara replied to Sobel, stating that "[CHSN's] code of conduct [said] different" while noting that he had "a student who was ARRESTED, and ADMITTED to STRANGLING, SEXUALLY ASSAULTING, HAZING and INTIMIDATING [Aeva], who has suffered ZERO consequences since school started."

45.   Later that day a Temporary Order of Protection was issued by the Honorable Rachel E. Tanguay, J.F.C. of the Rockland Family Court ("Judge Tanguay") that required the Defendant, Sergeant, stay "at least 50 feet" away from Aeva and her home and "[r]efrain from harassing, intimidating, threatening, and otherwise interfering with" her "until and including February 23, 2022".

46.   The next day, September 24, 2021, Mr. Manara sent to, *inter alia*, Defendants Watt and Leonardatos, a copy of Aeva's victim impact statement.

47.   On September 28, 2021, Mr. Manara received the Temporary Order of Protection from the Assistant County Attorney assigned to Sergeant's criminal prosecution and forwarded same to the Defendant, Sobel, who acknowledged receipt and advised that it would be shared with legal counsel to ensure that they remained in compliance.

48.   On Thursday, September 30, 2021, Mr. Manara emailed Defendants Watt, Sobel and Leonardatos advising that Aeva and her family intended on attending CHSN's football game the following evening and that the distance between the bleachers and football field sideline were less than the fifty-foot threshold set forth in the Order of Protection. The Defendant, Sobel, replied stating, *inter alia*, that it was the Defendant Sergeant's obligation to comply and that "[CCSD] should reasonably provide for the student

to be able to comply.  We have done so by working with the students'
schedules and pathways around the school."

49.   The following day the Defendant, Sobel, sent a further
email to the Plaintiff, Mr. Manara, advising him that in response
to the anticipated presence of Aeva and her family the school's
security staff had been alerted as well as the "local authorities"
and, reminded him that he was not permitted to attend that
evening's football game.

50. On Friday October 1, 2021, Aeva and her brother Reece
attempted to have a productive conversation about the situation
with Defendants Watt and Leonardatos, in which Aeva shared her
suffering in school and her confusion as to why nothing was being
done to help her.  Defendants Watt and Leonardatos ignored all of
her requests and inquiries and instructed that she remain in her
math class, which was taught by the Defendant, Trongone, despite
the stress, pain, and anguish she endured as she was forced to sit
in class with a teacher who gave her attacker the privilege of
representing CHSN by permitting him to continue wearing the
school's jersey and, to add insult to injury, starting him.

51.   On Tuesday October 5, 2021, the Defendant, Sobel, emailed
Mr. Manara advising, *inter alia*, that they had been informed that
Reece had told his teammates on a group chat that Sergeant had
assaulted his sister Aeva, which "resulted in a disruption to the
educational program." Defendant Sobel further stated that he was

also aware that Reece had met with an administrator to discuss the incident and that "[u]nfortunately, [his] behavior during that meeting was not appropriate." Defendant Sobel concluded by stating that "[i]t is also my obligation to inform you that further actions that result in the disruption to the school and/or team operation could be cause for disciplinary action."

52.    During that same week, between Monday October 4 and Friday October 8, 2021, the Defendant Sergeant passed Aeva four times in the school hallway causing her severe anxiety and stress on each occasion, greatly disrupting her school day.  On Monday October 10, 2021, Aeva's mother sent an email to Defendants Sobel, Leonardatos, and Watt requesting that the matter be addressed. Defendant Sobel responded the following morning asking for the periods, dates and locations so they could follow up. Mr. Manara provided the requested information later that evening.

53.    The following morning, October 12, 2021, Aeva was pulled out of her second period class by the Defendant, Watt, and told that nothing could be done about her seeing Sergeant in school. She was further told that the surveillance footage was being pulled to verify her seeing Sergeant as she claimed.

54.    On October 15, 2021, Defendant Sobel emailed Mr. Manara advising him, *inter alia*, that he was not able to attend CHSN's upcoming football game in Harrison, which was located in Westchester County.

55.    That due to Sobel's admonition and his concern of worsening what was already a toxic environment for his family Mr. Manara did not attend CHSN's last two football games, a home contest on November 4, 2021, and an away game, on November 11, 2021.

56.    On November 17, 2021, the Defendant, Sergeant, made an admission as to an act or acts alleged in the September 21 Petition before the Honorable Keith J. Cornell, A.J.S.C. pursuant to FCA §321.3.

57.    On November 18, 2021, Mr. Manara advised Sobel that an Admission of Guilt had been entered with a Disposition date of January 13, 2022, attaching a copy of a 500-foot order of protection.    Defendant Sobel thanked Mr. Manara for the information, advised that they understood additional proceedings were scheduled and that the District would "consider any further developments and take appropriate action as warranted."

58.    The following day Mr. Manara responded, stating that the only additional proceedings were for the "sentence" part of Defendant Sergeant's "GUILTY plea" and that they had done nothing other than suggesting that Sergeant walk different hallways, even allowing him to continue not only playing football but start as well.    The Defendant, Sobel, replied stating, *inter alia*, that their "obligation [was] to follow the law and advice of [their] counsel."    He further advised, for "clarification", that the Coach

did not make the determination if a student was eligible to be on the team without providing who in fact had that authority.

59.  On December 23, 2021, Aeva was pulled out of her eighth period class by the Defendant, Watt, and brought to her office, where she proceeded to tell Aeva that she would have to change her walking path to avoid Sergeant.  Aeva did not reply and walked out without speaking.

60.  On December 29, 2021, the Defendant, Sobel, emailed Mr. Manara, advising that the Defendant, Trongone, "did not make the decisions regarding the participation of [the Defendant Sergeant]. That decision was made based on the legal counsel we received and was my responsibility."

61.  On January 13, 2022, a Dispositional hearing was held before Judge Tanguay at which time Aeva made a statement pursuant to FCA §350.3(4), in which she recited the pain, anguish and violation she felt due to Defendants' actions, or lack thereof:

> To start, I'd like to thank Judge Tanguay for giving me this time to speak in court to speak. *Thank you* for giving me this time to speak my mind and say my peace. *Thank you* for giving me this chance to take the weight that I have been carrying off my shoulders. I thank you for hearing and understanding my case, and I *especially* thank you for signing off on the order of protection that was given to me in September.
>
> As the order of protection has still been in effect, it's unfortunate that it's not being respected at my school or adhered to in the way it should be. Clarkstown North High School has been nothing short of incompetent throughout this entire process. I go to school every day living in abject fear. The school has not respected the

order of protection and *I'm* the one paying the price for *their* lack of action. Every time I see Jack in school, I crumble. I've had *countless* anxiety attacks and breakdowns in school as a direct result of seeing him and coming in contact with him. All he has to do is *look* at me and I completely fall apart. I shake, and I cry, and I feel like I'm suffocating. My head spins, and the walls feel like they're caving in and my heart beats faster and faster with every passing second. Both my brother and I are continually stared down by his friends and by the people who have taken his side. Jack told someone who was close to me at the time to "finish the job" for him and "finish what he started." The school fails to realize that I am in *danger* when I'm in the school building. He actively put me in danger to the point where I'm not only afraid of him, but I'm afraid of all his friends. The only thing the school has done is that they've told him to walk different ways to class to avoid coming in contact with me, but even that has proven not to work as I have seen him numerous times.

Jack gets to do whatever he wants with no punishment at all from the school or coaches. My family has been punished more than Jack has throughout the entire process. I have been pulled out of class multiple times just so the school can interrogate me about the matter, and then tell me that they won't do anything to help me. There are a multitude of emails sent by the school and the superintendent stating that they also won't help me or protect me. My friends, who are only trying to help me and stand up for me, have been sent threatening text messages from people close to Jack. My brother, who also played on the school's varsity football team, got in more trouble with the school for bringing my situation to light than Jack, who sexually assaulted me multiple times. Jack was able to go to games and Coach Trongone, who has been aware of the situation since August, continued to let him have playing time. Kids on the football team look up to Coach Trongone and treat him with respect, even as he turned a blind eye to my situation and gave Jack playing time. I sat in the stands at games *alone* because my father was banned from campus while Jack played for and represented the school. He played in games, had his name announced over the loudspeaker, and had both parents and students cheering for him. My life has been plagued with this experience while Jack gets applause from students, staff, and parents. The only time his life has been affected is when he has had to show up for court. I've suffered for seven months, and I

continue to suffer while Jack can count on one hand the amount of times he's been inconvenienced by having to come to court. I've *lost friendships* because of this. I *dread* falling asleep at night because of the nightmares I've been plagued with. My experiences with Jack have forced me to be hyper aware of who I choose to be friends with. I have a harder time trusting guy friends, even though I want to. I *know* that they wouldn't do anything to hurt me but I still find myself to be anxious and paranoid. *I still* find myself worrying about what they could do. I know they're my friends but then again, I thought Jack was my friend at one point too. I just wanted to be one of the boys and he knew that. Jack *knew* I was gay and I thought he wouldn't treat me any different. I thought I was accepted. So I put my guard down. I trusted him. I *trusted* him, and I *defended* him, and I *believed* him when he said he cared about me. But I see now that I was taken advantage of. He took advantage of me wanting to be "one of the boys" and used it to justify what he was doing to me. And in turn, I ended up justifying it too because all I saw was the illusion of a friend.

The school claims that the Code of Conduct can only be enforced when the school environment and learning process has been disrupted. But they *refuse* to take into account that my school experience, environment, and learning process has been disrupted a substantial amount. Every day that I set foot in that school, I am in fear and yet they still do nothing to help me. I don't trust the school to protect me and so I *beg* the court to do what my school can't. I've *tried* to ask the school for help. I personally spoke with the principal, Dr. Leonardatos, and the assistant principal, Mrs. Watt, about this matter and they didn't listen to me.

I need help and I need protection and they have failed to give it to me. Jack Sergeant is not okay. He's done this before and I'm absolutely *terrified* that he's going to do it again. I won't be the last one he does this to and that *haunts* me. I'm begging you to protect me from him because nobody else will. Even with an order of protection I'm still afraid. I am *genuinely* afraid of him because I know what he's capable of. Once it expires I can only imagine how much more terrifying it will be for me to do something as simple as go to school or hang out with my friends. I need to be safe until the end of high school. I have a year and a half left and I *need* to be safe. I'm trying to

salvage the remainder of my high school experience but I can only do that if I *know* that he can't get anywhere near me. School is supposed to be a safe place to learn and socialize, but it has been proven time and time again that I am not safe there and the school will not protect me. And although I am extremely grateful for the order of protection that was given to me, it's only temporary and will soon be expiring. I am only *just* starting to put my life back together after what he did. And I can only continue to put my life back together if I am sure that he can't do anything to me.

In closing, I humbly ask for a further continuance of the order of protection so I can finish high school while being just *half* as fearful as I would be without it. Because without it, my one safety net is gone. Without it, he'll push the boundaries and there's nothing I'd be able to do to stop it. I know this because he's done it before and I have *no doubt* that he will do it again. I *know* what he's capable of and I *know* what he can do to people. I need to be protected.

Thank you.

62. That same day a Permanent Order of Protection was issued by Judge Tanguay that required the Defendant, Sergeant, stay "at least five hundred (500) feet" away from Aeva and her home and "[r]efrain from harassing, intimidating, threatening, and otherwise interfering with" her "until and including July 1, 2023". Sergeant was also placed on probation until his eighteenth birthday.

63. On Monday January 17, 2022, Mr. Manara provided Defendants Sobel, Leonardatos and Watt with a copy of the Permanent Order of Protection.

64.   The following day Mr. Manara reported Sergeant to the Clarkstown PD for violating the order of protection since it would not be physically possible for him to be in the same building as Aeva.  Aeva and her brother Reece went to Defendant Watt's office in the main school building to inform her that the police were called on Sergeant.  Watt then sent Aeva home early while the school processed Sergeant's transfer.  Defendant Sergeant was subsequently removed from CHSN and transferred to CHSS.

**AS AND FOR A FIRST CAUSE OF ACTION FOR THE VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972 HOSTILE EDUCATIONAL ENVIRONMENT**

**(As Against Defendants CCSD, Sobel, Leonardatos and Watt and Trongone)**

65.   Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs "1" through "64" of this complaint with the same force and effect as if set forth at length herein.

66.   Upon information and belief and at all times relevant to this action, CCSD has received, and continues to receive, federal financial assistance.

67.   The Defendants have subjected Aeva to a sexually hostile educational environment in violation of Title IX.

68.   The Defendants have discriminated against Aeva by subjecting her to a sexually hostile environment that was sufficiently severe, pervasive, and objectively offensive to

interfere with the Plaintiff, Aeva Manara's educational
opportunities, undermining and detracting from her school
experience. Because of Defendant CCSD's failure by and through
Defendants Sobel, Leonardatos, Watt and Trongone to implement
adequate procedures to correct this discrimination and hostile
environment, they have denied Plaintiff Aeva Manara her personal
right to work and learn in an environment free of sexual
harassment.

69. Said Defendants had actual notice of the sexual assaults
committed by the Defendant, Sergeant, and the hostile environment
that the Plaintiff, Aeva Manara, endured at CHSN during the
relevant time period. These Defendants have demonstrated
deliberate indifference by tolerating, condoning, ratifying,
and/or engaging in the hostile educational environment and failing
to take remedial action.

70. Because of Defendants' unlawful conduct, Plaintiff Aeva
Manara has suffered and will continue to suffer harm, including
but not limited to loss of educational opportunities, reputational
harm, emotional and physical distress, mental anguish, and other
economic and non-economic damages.

71. By reason of the continued nature of Defendants' unlawful
conduct, Plaintiff Aeva Manara is entitled to the application of
the continuing violation doctrine to the unlawful acts alleged
herein.

72.   Plaintiff Aeva Manara is entitled to all legal and equitable remedies available for violations of Title IX, 20 U.S.C. § 1681 *et seq.*, including compensatory damages, injunctive relief, attorneys' fees and costs, and other appropriate relief.

73.   **WHEREFORE**, Plaintiffs pray for judgment as set forth below.

### AS AND FOR A SECOND CAUSE OF ACTION FOR THE VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972 GENDER DISCRIMINATION IN TERMS AND CONDITIONS OF EDUCATION

#### (As Against Defendants CCSD, Sobel, Leonardatos and Watt and Trongone)

74.   Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs "1" through "73" of this complaint with the same force and effect as if set forth at length herein.

75.   Upon information and belief and at all times relevant to this action, CCSD has received, and continues to receive, federal financial assistance.

76.   The Defendants have discriminated against Aeva by subjecting her differently and less favorably than similarly-situated male students.  CCSD, by and through Defendants Sobel, Leonardatos, Watt and Trongone, subjected Plaintiff to disparate terms and conditions of education in violation of Title IX.

77.   CCSD's differential treatment of the Plaintiff, Aeva Manara, by virtue of the preferential deference given to the

Defendant, Jack Sergeant, is a direct and proximate cause of gender discrimination.

78.   CCSD has failed to prevent, respond to, adequately investigate, and/or appropriately resolve instances of gender discrimination.

79. CCSD had actual notice of this discrimination and failed to adequately respond, both before and after the discrimination against the Plaintiff, Aeva Manara, occurred, amounting to deliberate indifference.

80. Due to the continuous nature of Defendants' unlawful conduct, the Plaintiff, Aeva Manara, has suffered and will continue to suffer harm, including but not limited to loss of educational opportunities, humiliation, embarrassment, reputational harm, emotional and physical distress, mental anguish, and other economic damages and non-economic damages.

81. Because of the continuous nature of Defendants' unlawful conduct, the Plaintiff, Aeva Manara, is entitled to the application of the continuing violation doctrine to the unlawful acts alleged herein.

82.   Plaintiff Aeva Manara is entitled to all legal and equitable remedies available for violations of Title IX, 20 U.S.C. § 1681 *et seq.*, including compensatory damages, injunctive relief, attorneys' fees and costs, and other appropriate relief.

83.  **WHEREFORE,** Plaintiff prays for judgment as set forth below.

### AS AND FOR A THIRD CAUSE OF ACTION FOR THE VIOLATION OF 42 U.S.C. § 1983 FOURTEENTH AMENDMENT VIOLATION

**(As Against Defendants CCSD, Sobel, Leonardatos and Watt and Trongone)**

84.  Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs "1" through "83" of this complaint with the same force and effect as if set forth at length herein.

85.  That as a result of the illegal and improper acts set forth above, all of which were done intentionally and with deliberate and undue callous disregard of Plaintiff Aeva Manara's rights, she was deprived of her Constitutional Rights secured under the 14th Amendment of The Constitution of the United States and 42 U.S.C. § 1983.

86.  Plaintiff Aeva Manara was deprived of a protected liberty interest without due process of law.

87.  Defendants intended to violate Plaintiff Aeva Manara's constitutional rights, knew their actions were arbitrary, capricious, violated the plaintiff's rights and/or acted with reckless disregard for whether their actions violated Aeva's rights and, were otherwise illegal.

88.   Plaintiff Aeva Manara has suffered, continues to suffer and will in the future suffer economic loss due to Defendants' impermissible conduct.

89.   Plaintiff Aeva Manara has suffered, continues to suffer and will in the future suffer emotional distress due to Defendants' impermissible conduct.

90.   Pursuant to 42 U.S.C. § 1983 Defendants, in their individual capacity are jointly and severally liable to the Plaintiff for the financial losses she has and will suffer as well as compensatory damages for the emotional harm Plaintiff Aeva Manara has suffered.

91.   Since Defendants acted intentionally and in a wanton and reckless disregard of Aeva's constitutional rights, she is entitled to punitive damages against Defendants jointly and severally.

92.   Plaintiff Aeva Manara is entitled to reasonable attorneys' fees, costs and disbursements incurred in the prosecution of this action.

93.   **WHEREFORE,** Plaintiffs pray for judgment as set forth below.

**AS AND FOR A FOURTH CAUSE OF ACTION FOR THE
VIOLATION OF 42 U.S.C. § 1983
FIRST AMENDMENT VIOLATION**

**(As Against Defendants CCSD, Sobel and Leonardatos)**

94.   Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs "1" through "93" of this complaint with the same force and effect as if set forth at length herein.

95.   That as a result of the illegal and improper acts set forth above, all of which were done intentionally and with deliberate and undue callous disregard of Plaintiff Marc Manara's rights, he was deprived of his Constitutional Rights secured under the 1st Amendment of The Constitution of the United States and 42 U.S.C. § 1983.

96.   Plaintiff Marc Manara was deprived of a protected liberty interest without due process of law due to, *inter alia*, his banishment from the CHSN campus and football games, both home and away.

97.   Defendants intended to violate Plaintiff Marc Manara's constitutional rights, knew their actions were arbitrary, capricious, violated the plaintiff's rights and/or acted with reckless disregard for whether their actions violated Mr. Manara's rights and, were otherwise illegal.

98.   Plaintiff Marc Manara has suffered, continues to suffer and will in the future suffer economic loss due to Defendants' impermissible conduct.

99.   Plaintiff Marc Manara has suffered, continues to suffer and will in the future suffer emotional distress due to Defendants' impermissible conduct.

100.   Pursuant to 42 U.S.C. § 1983 Defendants, in their individual capacity are jointly and severally liable to the Plaintiff for the financial losses he has and will suffer as well as compensatory damages for the emotional harm Mr. Manara has suffered.

101.   Since Defendants acted intentionally and in a wanton and reckless disregard of Mr. Manara's constitutional rights, he is entitled to punitive damages against Defendants jointly and severally.

102.   Plaintiff Marc Manara is entitled to reasonable attorneys' fees, costs and disbursements incurred in the prosecution of this action.

103.   **WHEREFORE**, Plaintiffs pray for judgment as set forth below.

### AS AND FOR A FIFTH CAUSE OF ACTION FOR
### VIOLATION OF NEW YORK'S ANTI-BULLYING LAWS

#### (As Against Defendants CCSD, Sobel, Leonardatos and Watt and Trongone)

104.   Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs "1" through "103" of this complaint with the same force and effect as if set forth at

length herein.

105.  That New York Education Law §10 *et seq.*, required that Defendant CCSD, *inter alia*, establish and implement policies, procedures, and guidelines to create a school environment free from harassment, bullying, and discrimination.

106.  That upon verification of any harassment, bullying, or discrimination, Defendant CCSD was further required to take prompt actions reasonably calculated to end the harassment, bullying, or discrimination, eliminate any hostile environment, create a more positive school culture and climate, prevent recurrence of the behavior, and ensure the safety of the student against whom such harassment, bullying, or discrimination was directed.

107.  That as set forth above the Defendant, CCSD failed to either establish or implement the policies, procedures, and guidelines as required.

108.  That as set forth above the Clarkstown Defendants failed to take prompt action to end Defendant Sergeants continued harassment, bullying and discrimination of Aeva when notified by Mr. Manara of the sexual assaults that had occurred.

109.  That there exists a causal connection between the Defendant's unlawful conduct and Plaintiff Aeva Manara's emotional distress.

110.  **WHEREFORE**, Plaintiffs pray for judgment as set forth

below.

### AS AND FOR A SIXTH CAUSE OF ACTION FOR
### ASSAULT
### (AGAINST THE DEFENDANT SERGEANT)

111.  Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs "1" through "110" of this complaint with the same force and effect as if set forth at length herein.

112.  That as set forth above the Defendant, Sergeant, made unwarranted threats of violence against the Plaintiff, Aeva Manara.

113.  These threats were made with the intent to provoke observation of the threat.

114.  These threats caused a reasonable observation of immediate danger and imminent harm.

115.  That the Defendant, Sergeant, had the capacity to bring about the violence at the time of the threats made and/or Plaintiff reasonably believed that they he was actually capable of doing so.

116.  That a reasonable person in Plaintiff's circumstances would have been apprehensive.

117.  That there exists a causal connection between the Defendant's unlawful conduct and Plaintiff Aeva Manara's emotional distress.

118.  **WHEREFORE,** Plaintiffs pray for judgment as set forth

below.

## AS AND FOR A SEVENTH CAUSE OF ACTION FOR
## BATTERY
### (AGAINST DEFENDANT SERGEANT)

119. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs "1" through "118" of this complaint with the same force and effect as if set forth at length herein.

120. That as set forth above the Plaintiff, Aeva Manara, was touched in an offensive manner and was aware of the contact at the time it actually occurred.

121. That the Plaintiff, Aeva Manara, was battered by both contact that caused physical harm and nonconsensual contact that did not cause physical harm.

122. That the contacts set forth above and Defendant Sergeant's conduct in furtherance of same was intentional and not an accident.

123. That there exists a causal connection between the said Defendant's unlawful conduct and the Plaintiff Aeva Manara's emotional distress.

124. **WHEREFORE,** Plaintiffs pray for judgment as set forth below.

## AS AND FOR A EIGHTH CAUSE OF ACTION FOR
## FALSE IMPRISONMENT
### (AGAINST DEFENDANT SERGEANT)

125.  Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs "1" through "124" of this complaint with the same force and effect as if set forth at length herein.

126.  That as set forth above the Defendant, Sergeant, intended to confine the Plaintiff, Aeva Manara.

127.  That the Plaintiff, Aeva Manara, was conscious of the confinement.

128.  That the Plaintiff, Aeva Manara, did not consent to the confinement.

129.  That the confinement was not otherwise privileged.

130.  That there exists a causal connection between said Defendant's unlawful conduct and the Plaintiff Aeva Manara's emotional distress.

131.  **WHEREFORE,** Plaintiffs pray for judgment as set forth below.

### AS AND FOR A NINTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (AGAINST ALL DEFENDANTS)

132.  Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs "1" through "131" of this complaint with the same force and effect as if set forth at length herein.

133.  The Defendants' deliberate and malicious indifference to their obligations as set forth above was extreme, outrageous

and beyond the reasonable bounds of decency tolerated by decent society.

134.  That Defendants intended to cause and/or disregarded a substantial probability of causing severe emotional distress and, because of the reprehensible and outrageous nature of their acts, the Plaintiff, Aeva Manara, is entitled to, and should be awarded, punitive damages against each of the Defendants.

135.  That there exists a causal connection between Defendants' unlawful conduct and the Plaintiff, Aeva Manara's emotional distress and damage.

136.  **WHEREFORE**, Plaintiffs prays for judgment as set forth below.

<u>**PRAYER FOR RELIEF**</u>

**On the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Claims for Relief:**

1. For general damages according to proof at trial;

2. Punitive damages in an amount to be proven at trial;

3. Declaratory and Injunctive relief;

4. Attorneys' fees, costs and disbursements of this action;

5. For such other legal and equitable relief as the Court may deem Plaintiff is entitled to receive.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil

Procedure Plaintiff demands a trial by jury in this action.

Dated:  Mount Kisco, New York
        April 27, 2022

                    Yours, etc.

        **LAW OFFICES OF DANIEL W. ISAACS, PLLC**

                    /S/
        By:_____
            DANIEL W. ISAACS, ESQ.
            Attorneys for Plaintiffs

        **PETER J. GLEASON, P.C.**

                    /S/
        By:_____
            PETER J. GLEASON, ESQ.
            Attorneys for Plaintiffs